**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
DEIULEMAR COMPAGNIA DI : 
NAVIGAZIONE SpA, :
:
                 Plaintiff, : 05 Civ. 8199 (RMB)
:
     -against- : **ORDER**
:
DABKOMAR BULK CARRIERS LIMITED, :
DABKOMAR DENIZCILIK VE TICARET :
AS, a/k/a "DABKOMAR DENIZCILI :
ACENTELIK MARINA ISLETMELERI :
TURIZM VE SINAI MAMULLER TICARET :
ANONIM SIRKETI," a/k/a "DABKOMAR :
SHIPPING AND TRADING," a/k/a :
"DABKOMAR SHIPPING S.A.," :
:
                Defendants. :
-----------------------------------------------------------------x

**I.    Background**

On or about October 3, 2005, Deiulemar Compagnia Di Navigazione SpA ("Plaintiff") filed an amended verified complaint ("Amended Complaint" or "Am. Compl.") against Dabkomar Bulk Carriers Limited ("Dabkomar Bulk") and Dabkomar Denizcilik ve Ticaret AS ("Dabkomar AS"), for the alleged breach of a charter party agreement ("Charter") dated March 16, 2005. (Am. Compl. ¶ 4.) Plaintiff claims that Dabkomar Bulk agreed to be the charterer of the vessel M/V George T, "until September 3, 2007, minus 60 days in Dabkomar [AS]'s option, for a hire rate of $45,000 per day," (id. ¶ 4), and that Dabkomar Bulk ceased use of the vessel and repudiated the Charter on September 29, 2005, leaving a balance of 641 days and resulting in monetary damages to Plaintiff in the amount of $14,547,137.00. (Id. ¶¶ 6-10.) Plaintiff contends that Dabkomar AS was the guarantor for Dabkomar Bulk's performance of the Charter under an agreement entered into on or about March 16, 2005 between Sarp Sentuna ("Sentuna"), allegedly on behalf of Dabkomar AS, and Trifon Tsentides, on behalf of Plaintiff. (Id. ¶ 5; Tsentides Decl. ¶¶ 5-27.)

On or about October 3, 2005, the Court issued an Amended Ex Parte Order of Maritime Attachment and Garnishment of the assets of Dabkomar AS pursuant to Rule B(1)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules").[1] (Order of Attachment, dated October 3, 2005 ("Attachment Order").) On October 21, 2005, Dabkomar AS moved to vacate the Attachment Order pursuant to Rule E(4)(f) of the Supplemental Rules, and to dismiss the Amended Complaint pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. (Order to Show Cause, dated October 20, 2005; Dabkomar AS' Memorandum of Law in Support of its Order to Show Cause ("Dabkomar AS' Mem.") at 1.) Dabkomar AS argued that it "issued no guarantee of any maritime contract in favor of [Plaintiff]" because: (1) it "is not the same company as the purported guarantor named in the charter party," and (2) the "guarantee wording" of the Charter that purportedly binds Dabkomar AS as guarantor was included in the agreement "without . . . the authority of Dabkomar AS." (Dabkomar AS' Mem. at 3, 5 ("[Plaintiff] has no maritime claim against Dabkomar AS [and] any attachment [should] be vacated."); Declaration of Kerim Jurgen Karaer and Hilmi Adalier, dated Oct. 14, 2005, ¶ 6.) Plaintiff opposed Dabkomar AS' motion and also moved for sanctions against Dabkomar AS on the grounds that Dabkomar AS' motion is "frivolous and unsupported." (Plaintiff's Memorandum of Law in Opposition to Dabkomar AS' Order to Show Cause and in Support of a Cross Motion for Award of Costs and Fees ("Plaintiff's Mem.") at 4.)

On December 12, 2005, Magistrate Judge Henry Pitman, to whom the matter had been referred, issued a report and recommendation ("Report"), recommending that Dabkomar AS' motion to vacate the attachment and motion to dismiss the Amended Complaint should be granted, and that Plaintiff's motion for sanctions should be denied. (Report at 2, 21 ("Because plaintiff cannot prevail on its guarantee claim against Dabkomar [AS], . . . [t]he Order of Attachment should,

---

[1] Plaintiff did not seek attachment of Dabkomar Bulk's assets.

therefore, be vacated. In addition, because the attachment is the only basis . . . of jurisdiction, its vacatur requires dismissal of the action as to Dabkomar [AS]").)

The Report states that "pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from the service of this Report to file any objections." (Report at 22.) On or about December 23, 2005, Plaintiff submitted objections ("Plaintiff's Objections") to the Report. On or about January 3, 2006, Dabkomar AS submitted a response ("Dabkomar AS' Response") to Plaintiff's Objections. On January 4, 2006, Plaintiff submitted a sur-reply to Dabkomar AS' Response.

**For the reasons set forth below, the Court adopts the Report in all material respects.**

## II. Standard of Review

The Court may adopt those portions of a magistrate's report to which no objections have been made and which are not facially erroneous. Thomas v. Arn, 474 U.S. 140, 149 (1985); see also Santana v. Khulman, 232 F. Supp. 2d 154, 157-58 (S.D.N.Y. 2002). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989); Deluca v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994).

## III. Analysis

The facts as set forth in the Report are incorporated herein by reference unless otherwise noted. The Court has conducted a de novo review of, among other things, the Amended Complaint, the Report, Plaintiff's Objections, Dabkomar AS' Response, and applicable legal authorities, and

3

concludes that the legal and factual determinations made by Magistrate Judge Pitman are supported by the record and the law.[2]

Plaintiff argues that Magistrate Judge Pitman applied the wrong legal standard regarding the burden of proof necessary for Plaintiff to sustain the attachment. (Plaintiff's Objections at 2 ("The correct standard is that . . . Plaintiff had probable cause for the attachment").) Plaintiff argues that, under a probable cause standard, it has satisfied its burden under Rule E(4)(f). (Id. at 3 ("Plaintiff did make a prima facie showing, based on the adverse inference to be drawn from Dabkomar AS' failure to adduce the affidavit testimony of the putative agent [Sentuna], whom Dabkomar AS admits is it employee").) Dabkomar AS contends that "[b]oth Dabkomar AS . . . and the magistrate judge . . . demonstrated that [Plaintiff] could not satisfy the probable cause standard." (Dabkomar AS' Response at 2.)

Under Rule B(1)(a), an "order of attachment will issue when the plaintiff makes a prima facie showing that he has a maritime claim against defendant . . . and the defendant is not present in the district." Blake Mar., Inc. v. Petrom S.A., 05 Civ. 8033 2005 U.S. Dist. LEXIS 26310, at *7 (S.D.N.Y. Oct. 31, 2005); see Supp. R. B(1)(a) (2005) ("If a defendant is not found within the district, a verified complaint may contain a prayer for process to attach the defendant's . . . personal property – up to the amount sued for – in the hands of garnishees named in the process."). The underlying purpose of a Rule B(1)(a) attachment is to "obtain jurisdiction over the defendant and obtain security for any resulting judgment." Allied Mar., Inc. v. The Rice Corp., 04 Civ. 7029, 2004 U.S. Dist. LEXIS 20353, at *5 (S.D.N.Y. Oct. 12, 2004); see Swift and Co. Packers v. Compania Colmbiana Del Caribe, S.A., 339 U.S. 684, 693 (1950).

---

[2] As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro v. Bartlett, 776 F Supp. 815, 817 (S.D.N.Y. 1991). Any of the Plaintiff's Objections not specifically addressed in this Order have been considered de novo and rejected.

On a motion to vacate an attachment order pursuant to Rule E(4)(f), a plaintiff must: (1) show that they have met the requirements of Rule B(1)(a), and (2) "show that the attachment should not be vacated by demonstrating either that the attachment is necessary for the plaintiff to obtain jurisdiction in a convenient district, or that the plaintiff needs the security of the attachment to satisfy any judgment it may win in the underlying suit." Allied Mar., 2004 U.S. Dist. LEXIS 20353, at *5 (emphasis omitted).

While there appears to be some disagreement over the evidentiary standard under Rule E(4)(f), compare Salazar v. The Atlantic Sun, 881 F.2d 73, 79-80 (3d Cir. 1989) and Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 384 F. Supp. 2d 726, 729 (S.D.N.Y. 2005), Magistrate Judge Pitman correctly found that, even under the lower "probable cause" standard advanced by Plaintiff, Plaintiff fails to establish a prima facie claim. (Report at 10-11, 18, 21 ("Plaintiff has no evidence . . . that could create an appearance of Sentuna's authority [to bind Dabkomar AS as a guarantor] . . . . Plaintiff's failure to muster additional evidence of Sentuna's apparent authority and its failure to offer any evidence of its making inquiry concerning the scope of Sentuna's authority is fatal to its claim against Dabkomar AS.").)

Because Plaintiff has failed to establish a prima facie maritime claim against Dabkomar AS, the attachment should be vacated, T&O Shipping, Ltd. v. Lydia Mar Shipping Co. S.A., 05 Civ. 7106, 2006 U.S. Dist. LEXIS 2278 at *13, (S.D.N.Y. Jan. 20, 2006), and the Amended Complaint dismissed as to Dabkomar AS.[3] See e.g., Limonium Mar., SA v. Mizushima Marinera, 961 F. Supp. 600 (S.D.N.Y. April 17, 1997) (vacatur of attachment relinquished court's jurisdiction over defendant).

---

[3] In light of the Court's ruling, Plaintiff's motion for sanctions on the grounds that Dabkomar AS' motion to vacate the Attachment Order is "frivolous and unsupported," is completely without merit and is, therefore, denied. (Plaintiff's Mem. at 4.)

## IV. Conclusion and Order

The Court adopts the Report in all material respects, and for the reasons stated herein and therein, grants Dabkomar AS' motion to vacate the attachment [11], and dismisses Plaintiff's claims as to Dabkomar AS for lack of jurisdiction and Plaintiff's motion for sanctions is denied.

Dated: New York, New York
 February 10, 2006

*RMB*
RICHARD M. BERMAN, U.S.D.J.